

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                              Opinion No. O-2284
                                       Re: Election of teachers in consol-
                                            idated school district.

We are in receipt of your letter of April 24,
1940, requesting an opinion by this department which
reads as follows:

"When school districts are consolidated
under the provisions of Article 2806 the County
Board of Trustees shall, under the provisions
of Article 2774a, Section 3, appoint a board of
seven trustees for the consolidated district.
These trustees shall serve until the next regu-
lar trustee election. Article 2809 states that
the board of trustees so elected shall employ a
superintendent for the district for one year or
two years as the trustees may determine and who,
in addition to his duties as superintendent,
shall be a teacher in one of the elementary
schools or the high school of the district. The
statute states further that the board shall em-
ploy teachers for one or two years as the trustees
may decide.

"Under the provisions of the above mentioned
statutes controlling the consolidation, can the
appointed board of trustees elect teachers or
must the election of teachers wait until the newly
elected board has taken charge of the consolidated
school district?"

Article 2806, R.C.S., 1925, as amended, Acts
1931, p. 182, authorizes the consolidation of school dis-
tricts and provides that such districts formed by consol-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. A. Woods, page 2

idating a common school district and an independent dis-
trict shall be managed by the existing board of trustees
of the independent school district.  It further provides
that: "When two or more independent districts are consol-
idated, the county board of trustees shall designate the
name by which said district shall be known, and shall ap-
point a board of seven trustees for the said consolidated
district, to serve until the next regular election of
trustees, as prescribed by General Law, at which time the
district shall elect a board of seven trustees, whose
powers, duties and terms of office shall be in accordance
with the provisions of the General Law governing independ-
ent districts, as they now exist or may hereafter be en-
acted."

Article 2808, R.C.S., 1925, provides, in part,
as follows:

"The board of county school trustees at
its next meeting after such consolidation of
school districts is declared, shall appoint
a board of seven trustees for the consolidated
district. * * *  The terms of office of three
of the trustees so appointed shall expire on
the first day of May next following their ap-
pointment, and the terms of office of the
other four trustees shall expire on the first
day of May of the succeeding year, as those so
appointed shall determine by lot. Each year
thereafter alternately three trustees and four
trustees shall be elected by the qualified
voters of the district on the first Saturday
of April and trustees so elected shall enter
upon the discharge of their duties on the first
day of May next following and serve for a term
of two years thereafter. * * * "

Article 2809, R.C.S., 1925, reads as follows:

"The board of trustees so elected shall
employ a superintendent for the district, who
shall be elected for one year or for two years
as the trustees may determine; and who, in ad-
dition to his duties as superintendent, shall
be a teacher in one of the elementary schools

Hon. L. A. Woods, page 3

or the high school of the district. Acting in
collaboration with the district superintendent,
the board of trustees shall employ teachers for
the several elementary schools of the district,
or for the departments of the high school, which
teachers shall be elected for one year or two
years as the trustees decide, and they shall
serve under the direction and supervision of the
district superintendent. Contracts between the
trustees and the district superintendent and
teachers shall be in writing and subject to the
approval of the county superintendent of the
county wherein such district is situated."

Acts 1930, 41st Leg., 5th C.S., p. 212, ch. 66,
Sec. 3, (Art. 2774a, Sec. 3, Vernon's Texas Civil Stat-
utes) reads, in part, as follows:

"Sec. 3. The board of county school
trustees at its next meeting after the consol-
idation of school districts is declared shall
appoint a board of seven trustees for the con-
solidated district. * * * Those elected at the
first election shall determine by lot the term
for which they are to serve. The three members
drawing numbers one, two and three shall serve
for one year, the two members drawing numbers
four and five shall serve for two years and the
two members drawing numbers six and seven shall
serve for three years, or and until their success-
ors are elected and qualified; and regularly
thereafter on the first Saturday in April of each
year three trustees or two trustees shall be
elected for a term of three years to succeed the
trustees whose term shall at that time expire.
* * * "

Acts 1937, ch. 267, p. 541, reads, in part, as
follows:

"Art. 2750a. (Vernon's Texas Civil Statutes)
That trustees of any common school district
or consolidated common school district shall have
authority to make contracts for a period of time
not in excess of two (2) years with principals,
superintendents, and teachers of said common school
districts, provided that such contracts shall be

Hon. L. A. Woods, page 4

approved by the County Superintendent. * * * "

Articles 2808 and 2809 were originally enacted as sections 3 and 5 respectively of H.B. No. 148, ch. 65, Acts 1919, 2nd C.S., p. 167. It will be noted that under Article 2808 a majority of the trustees on the board would not be "elected" until the second trustee election after the consolidation. We think it is clear that the expression; "The board of trustees so elected," in Article 2809 was not intended to be construed as a limitation upon the authority of the first trustees but was used merely as a reference to the preceding sections. Otherwise there would be a period of from one to two years after the consolidation that the board of trustees could not employ or contract with teachers for the district.

If under subsequent statutes or amendments the original trustees appointed by the County Board are to serve only until the next general trustee election, we do not think this would have the effect of converting the language of Article 2809 into a limitation. Assume that two districts are consolidated in July and seven trustees are appointed to serve until the next trustee election to be held the following April. Obviously the purpose in providing for the immediate appointment of a board, was to furnish a governing body for the district capable of managing its affairs so that it may function. If it was intended that the appointed board should not have authority to elect and employ teachers, practically a full school year might pass before teachers could be employed for the schools of the district.

It is our opinion that the first appointed board of trustees, for a consolidated school district is authorized to elect and contract with teachers for the schools of the district and it is not necessary to wait until the subsequently elected board has taken charge of the consolidated district before employing teachers.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED MAY 2, 1940

CCC:ob

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN